IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Machelle Thompson,<br><br>                Plaintiff,<br><br>v.<br><br>Richland County School District One; and Craig Witherspoon, Sanita Savage Cousar, and Susan Williams in their official and individual capacities,<br><br>                Defendants. | C/A No. 3:17-cv-510-MBS<br><br><br>**AMENDED COMPLAINT**[1]<br>(Jury Trial Demanded) |

## EMPLOYMENT CASE

The Plaintiff complaining of the Defendant respectfully alleges as follows.

## PARTIES AND JURISDICTION

1. The Plaintiff, Machelle Thompson, is a citizen and resident of Richland County, South Carolina.

2. The Defendant, Richland County School District One (hereinafter "the District") is a political subdivision of the state of South Carolina, providing educational needs to the public within a defined geographical area headquartered in Richland County, South Carolina, where it maintained an office, agents, teachers, and employees including the Plaintiff and Defendants.

---

[1] This amendment is made within 21 days of service (2/21/17), prior to any responsive pleading, in accord with Fed. Civ. Pro. R. 15(a)(1)(A). Fed. Civ. Pro. R. 15(a)(1)(A) allows a party to amend a complaint once as a matter of course within 21 days of service.

3. The Defendant Sanita Savage Cousar (hereinafter "Cousar") was at all times mentioned herein the Chief of Human Resources of the District and upon information and belief is a resident of Richland County, South Carolina.

4. The Defendant Susan Williams (hereinafter "Williams") was at all times mentioned herein an attorney and General Counsel for the District and upon information and belief is a resident of Richland County, South Carolina.

5. The Defendant Craig Witherspoon (hereinafter "Witherspoon") was at all times mentioned herein the Superintendent of the District and was at all times mentioned herein a resident of Richland County, South Carolina.

6. This action alleges retaliation under Section 15(a)(3) of the Fair Labor Standards Act (FLSA)(41), public policy discharge and defamation claims against the Defendant Department, as well as a claim of civil conspiracy against the individual Defendants.

7. The parties have sufficient connections to Richland County, the occurrences giving rise to this action occurred in Richland County, and jurisdiction is proper.

## FACTUAL ALLEGATIONS

8. On May 18, 2015, Plaintiff began work as Director of Classified Employment Services for the District. Her hiring roughly paralleled the selection of a new superintendent.

9. Throughout her service to the District, Plaintiff was under the direct supervision and control of the Defendant Cousar, Chief of Human Resources of the District.

10. Upon assuming her position and observing the operations within the District, particularly in the area of classified personnel and human resources issues, Plaintiff

discovered many unusual and questionable practices and began to make inquiry into many of them with the hope and expectation of making procedures smoother and compliant with professional and ethical standards which she had previously experienced.

11. Although her first eleven months were fairly smooth with her supervisor and others, in the spring of 2016, she began to realize that many, including the Defendant Cousar, were resistant to change and deeply imbedded in the self-serving and patronizing history of the District.

12. In April 2016, Plaintiff received her first letter of reprimand from Defendant Cousar containing false and pretextual charges which Plaintiff strongly denied. Nevertheless, Plaintiff proceeded to do her work in an acceptable and professional manner.

13. On August 24, 2016, Cousar followed up with a second written reprimand again based on false and pretextual charges related to staffing issues. Plaintiff vigorously denied these allegations but once again continued to do her job in an acceptable and professional manner.

14. A large part of Plaintiff's duties involved the research and application of the proper classification and overtime provisions of the Fair Labor Standards Act (FLSA) to classified employees of the District which affected whether or not District employees should receive additional pay for overtime hours worked.

15. In early 2016 the U.S. Department of Labor announced that new overtime rules governing the minimum salary threshold for exempt classified employees to receive

overtime would take effect on December 1, 2016. The old salary threshold was $23,660 and the rule raised the salary threshold to $47,476 a year.

16. Throughout most of 2016, the District was not only trying to identify employees within the above gap, but were more fairly exploring the classification of many employees as "exempt" who were in reality non-exempt and entitled to overtime pay for their work, some for long periods of time.

17. The U.S. Department of Labor provides a "job duties" test which, when properly applied, determines whether or not an employee should receive time and a half compensation for more than forty (40) hours worked each week or should be "exempt" from such overtime pay.

18. Defendant Cousar directed the Plaintiff, as the Director of Classified Employment Services, to be the person responsible to look at the issue and to guide the District to correct any deficiencies.

19. During the weeks preceding October 11, 2016, Plaintiff made presentations to the District's Executive Team (which included Cousar, Williams and the Superintendent) as well as to the District's Board Committees (which included several Board members) and then prepared a PowerPoint and delivered it to the Regular School Board Meeting, a presentation explaining how the U.S. Department of Labor's new rule would affect the District. Plaintiff's presentation explained the salary threshold proposed changes, what steps the District should take to apply the "duties test" to ensure employees were properly classified as "exempt" or "non-exempt" and the possible penalties for non-compliance with the new rule.

20. On November 22, 2016, Defendant Cousar sent an email letter to a large number of employees and their supervisors, alerting them to the new rule and advising that if they were identified as non-exempt, beginning on December 1, 2016, and henceforth, they would have to "swipe in" their hours each day. Plaintiff had nothing to do with this transmission. A copy of the letter is attached as Exhibit "A" and incorporated by reference herein.

21. On that same day, a U.S. District Judge in Texas issued an injunction staying temporarily the change in the threshold salary set by U.S. Department of Labor pending a final hearing. The order had nothing to do with the proper or improper classification of employees as "exempt" or "non-exempt" or their entitlement to overtime pay for hours worked over forty (40) a week.

22. Pursuant to the presentations referred to from the Plaintiff and others, department heads and supervisors, including the Defendant Williams, identified approximately forty-six (46) "exempt" employees who had been wrongfully classified and were entitled to overtime pay, some for a considerable period of time for past services.

23. When an employee is determined to be owed back pay, including overtime, the FLSA and State law provides for payment of back pay, damages, attorney's fees, fines and sanctions.

24. On December 1, 2016, the Defendant Cousar, without consulting or advising the Plaintiff sent another letter to the affected employees advising that while they would still have to "swipe" for their hours of work, they would not be entitled to

overtime or a change in their "exempt" status. A copy of the letter is attached as Exhibit "B" and incorporated by reference herein.

25. Knowing that some or many of the employees affected were being deprived of overtime pay and further aware of ongoing inquires and complaints from employees already seeking the same, Plaintiff prepared and delivered to Defendant Cousar an email on December 5, 2016, advising her of problems caused by her letter and the possibility or likelihood that a DOL investigation could severely impact the District both legally and financially. A copy of the letter is attached as Exhibit "C" and is incorporated by reference herein.

26. Plaintiff was immediately admonished by Defendant Williams and told that it was inappropriate for her to send the email to her supervisor as it could be discoverable through the Freedom of Information Act (FOIA) and that if Plaintiff had a genuine concern for the District and its employees, she should not have put her concerns in writing.

27. On December 16, 2016, the same day the District closed for winter break, Defendant Cousar hand delivered Plaintiff another written reprimand for sending her the email and threatened termination. Defendant Cousar stated that she was submitting all three letters of reprimand in Plaintiff's personnel file. A copy of the letter is attached as Exhibit "D" and incorporated by reference herein.

28. Upon returning from winter break on January 13, 2017, Plaintiff submitted a rebuttal to Defendant Cousar's reprimands and requested that the letters not be submitted to her personnel file. Defendant Cousar denied Plaintiff's request in a letter dated January 17, 2017.

6

29. Plaintiff immediately filed a grievance under District policy in response to Defendant Cousar's letter of reprimand, retaliating against Plaintiff.

30. On January 20, 2016, Superintendent Craig Witherspoon placed Plaintiff on administrative leave and ordered to leave the District office and not return. Plaintiff never returned to her duties.

31. Plaintiff presented her grievance to Defendant Cousar which was denied and she was fired on February 10, 2017. A copy of her termination letter is attached as Exhibit "E" and incorporated by reference herein.

32. In September of 2016, Plaintiff became aware that she had a serious congenital heart disorder which could require surgery. She reported that to Cousar who had shared the information with the Superintendent who was fully aware of her fragile condition during the events of December and January.

33. On February 27, 2017, Plaintiff was given an appeal hearing before the Defendant Witherspoon, which was transcribed before a court reporter. Only the Plaintiff's statements and answers to the Defendant Witherspoon's questions were admitted. Neither the Defendant Cousar nor the Defendant Williams were present and from the decision made by Defendant Witherspoon on March 6, 2017, it was obvious that he had prejudged the Plaintiff's case and was, in fact, a part of the conspiracy to punish and terminate Plaintiff.

34. Plaintiff was denied the right to confront her accusers, Defendants Cousar and Williams. Nevertheless Defendant Witherspoon rendered his decision, explicitly and implicitly, on the basis of their ex parte statements.

7

**FOR A FIRST CAUSE OF ACTION
AGAINST THE DEFENDANTS
(Retaliation under Section 15(a)(3) of the Fair Labor Standards Act)**

35. Plaintiff realleges, where consistent herewith, the foregoing.

36. Sec. 15(a)(3) of the FLSA provides in pertinent part that an employer shall not:

"discharge or in any other matter discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act"

37. That the Plaintiff's actions in reporting the matters referred to herein and communicating to Defendant Cousar and Defendant Williams violations or potential violations of the FLSA constitute protected activities under the FLSA and the resulting hostile environment written reprimand and termination are the proximate results of Plaintiff's reports and actions taken in opposition to Defendants' efforts to ignore or reject their obligations under FLSA for the purpose of saving the District extensive overtime wages that belong to its employees who have worked for and deserve that compensation.

38. That as a direct and proximate result of the Defendants' retaliation and actions taken in their official capacities with the District and in the course of their duties, the Plaintiff has sustained the loss of her job, back pay and front pay, as well as attorney's fees and costs. Plaintiff is also entitled an award of actual damages for reputational loss, embarrassment and humiliation, past, present and future. Plaintiff also seeks an award of punitive damages against the individual defendants for their willful, malicious and bad faith conduct in the treatment of the Plaintiff as set forth herein.

39. Further retaliation is found by the Defendant Witherspoon's actions in hearing Plaintiff's grievance appeal on February 27, 2017 and denying the same arbitrarily on

8

March 6, 2017, when he was aware that Plaintiff's revelation of violations of FLSA and federal law had resulted in an ongoing investigation by the Department of Labor at the District where similar violations had cost the District a fine in excess of $78,000 in 2006.

## FOR A SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANT DISTRICT
(Whistleblower Retaliation)

40. Where not inconsistent herewith and in the alternative, if necessary, the Plaintiff realleges the foregoing.

41. Plaintiff was an employee of the District, a public body. Plaintiff has standing to bring an action for whistleblower retaliation under S.C. Code Ann. § 8-27-10 et. seq.

42. Plaintiff, in writing, complained to the Chief of Human Resources of the District that certain actions ongoing by the District, if continued, could result in severe financial and other adverse consequences to the District since the same violates the letter and spirit of the Fair Labor Standards Act.

43. The same constitutes a violation of § 8-27-10(5) of the South Carolina Whistleblower's Act.

44. Plaintiff was terminated by the Defendant District because of her written report of wrongdoing.

45. Plaintiff properly grieved her termination.

46. Plaintiff was terminated shortly after her report, and has suffered actionable retaliation in violation of the South Carolina Whistleblower's Act for which the Defendant Department is liable. S.C. Code Ann § 8-27-20.

9

47. The Plaintiff is entitled to recover all damages and remedial action permitted by the South Carolina Whistleblower's Act because of the Defendant Department's conduct as alleged herein. S.C. Code Ann §8-27-30(A).

### FOR A THIRD CAUSE OF ACTION
### AGAINST THE DEFENDANT DISTRICT
### (Defamation *Per Se*)

48. Where not inconsistent herewith and alternatively, if necessary, Plaintiff realleges the foregoing.

49. The individual Defendants and others acting on behalf of the Defendant District have published, together and separately, to numerous persons both within and without the District that the Plaintiff is incompetent in her job and that she has engaged in unprofessional conduct some of which violates the policies and procedures of the District. Those publications have been false, malicious and knowingly made.

50. Such publications have been made to employees and other community members without justification or privilege.

51. Such publications have been made with reckless disregard of the truth. The publication of such false statements as well as the issuing of reprimands and termination of the Plaintiff constitute defamation by actions as well as words creating a malicious and intentionally defamatory insinuation which is actionable under the South Carolina law.

52. The defamation alleged here is *per se* in that the Plaintiff is accused of unfitness in her profession and improper and illegal conduct.

53. That as a direct and proximate result of the defamation alleged herein the individual Defendants as well as the District (since the individual Defendants were

10

acting in the course of their employment) have caused the District to be liable for the severe and continuing injury to the Plaintiff's reputation, and diminished earning capacity and future retirement benefits, humiliation, embarrassment, pain and suffering and other loss. Further, such conduct was reckless and intentionally done. The individual Defendants are therefore liable for an award of punitive damages as well as actual damages to the Plaintiff.

### FOR A FOURTH AND SEPARATE CAUSE OF ACTOIN AGAINST THE DEFENDANT DISTRICT
**(Public Policy Discharge)**

54. Where not inconsistent herewith and as an alternative cause of action if necessary, Plaintiff realleges the foregoing.

55. The Defendant District terminated the Plaintiff because she insisted upon compliance with S.C. Payment of Wages Act, and because she had made internal and external complaints with respect to the same. This termination violates the public policy of the state of South Carolina in that the Plaintiff was terminated for resisting and reporting willful disobedience to state law, advocating adherence to proper hiring and procurement proceedings and elimination of waste, fraud, and mismanagement.

56. The Defendants by their actions made Plaintiff's silence a direct condition of her continued employment with the District.

57. That as a direct and proximate result of such termination and violation of public policy the Plaintiff has lost her job, her earning capacity has been affected, her reputation has been damaged and she has suffered loss of earnings, past, present and future together with embarrassment, humiliation and suffering.

**FOR A FIFTH CAUSE OF ACTION
AGAINST THE DISTRICT**
(Violation of S. C. Payment of Wages Act; S.C. Code Ann. §41-1-10 *et seq.*)

58. Plaintiff where not inconsistent herewith and as an alternative cause of action if necessary, Plaintiff realleges the foregoing.

59. The Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

60. Plaintiff has been underpaid for two (2) weeks of her salary for work completed when she should have been paid and payment of the same has been requested and refused by the Defendant.

61. Defendant failed to pay the Plaintiff for time worked which she was entitled to receive in a timely fashion in the next paycheck after the hours were worked, as required by code S.C. Code Ann. § 41-10-40 and 50. Defendants are aware of that underpayment and there is no bonafide reason for the non-payment of due wages to the Plaintiff.

62. Plaintiff is owed and due these unpaid wages as salary for work completed.

63. Defendant is liable for all past wages due to the Plaintiff for the work she completed in accordance with her employment as well as the pay structure applicable to her. Plaintiff further seeks treble damages for the willful withholding of the payment of these wages as well as reasonable attorney's fees and costs associated with this action.

**FOR A SIXTH CAUSE OF ACTION AGAINST
DEFENDANT DISTRICT AND DEFENDANT WITHERSPOON**
(Denial of Due Process)

64. Where not inconsistent herewith and as an alternative cause of action if necessary, Plaintiff realleges the foregoing.

65. That Defendant District and Defendant Witherspoon deliberately manipulated Plaintiff's grievance process provided under District policy by: failing to provide her with the specific charges made against her; failing to allow her to confront her witnesses and accusers; by pre-judging her grievance; and by failing to allow her a fair and impartial avenue of redress, including the finders of fact who were not themselves tainted in the process.

66. That such action constitutes a violation of its rights to both substantive and procedural due process guaranteed to her under the Fifth Amendment to the United States Constitution.

67. That as a direct and proximate result of the denial of Plaintiff's due process rights, Plaintiff has sustained the loss of her job, her earning capacity has been greatly damaged and Plaintiff has suffered reputational injury for which Defendant District and Defendant Witherspoon are fully responsible.

**FOR A SEVENTH CAUSE OF ACTION
AGAINST THE INDIVIDUAL DEFENDANTS
WITHERSPOON, WILLIAMS, AND COUSAR IN THEIR INDIVIDUAL CAPACITIES**
(Civil Conspiracy)

68. Where not inconsistent herewith the Plaintiff realleges the foregoing and in the alternative, if necessary.

69. That Defendants Witherspoon, Williams, and Cousar wrongfully met, combined, schemed, planned and conspired together and with others, with the explicit

13

purpose of harming the Plaintiff by thwarting her job as Director of Classified Employment Services and intentionally falsifying, threatening and misleading the Plaintiff causing the Plaintiff to be punished, harassed, reprimanded and ultimately terminated from her position with her grievances fully denied by the conspirators themselves.

70. Such actions on the part of the Defendants and others amount to a civil conspiracy prohibited by law.

71. That these individual Defendants and others knew or should have known that they were able because of their positions with the District to impose a wicked and malicious agenda and to carry out the same which would inflict upon the Plaintiff special damages.

72. The individual Defendants and others acted in furtherance of their combination to harm the Plaintiff by taking unlawful employment action against her, criticizing her publically and simultaneously stripping her of her rights as an employee, criticizing her professional reputation and bringing about a premature end to her work as Director of Classified Employment Services for the District and further to see that all grievance efforts on her part would be unsuccessful.

73. The conduct described herein fell outside of the ordinary course of the Defendant District and the individual Defendants job description.

74. This conspiracy has directly and proximately caused the Plaintiff actual damages including the loss of her job and the attendant economic losses incurred, the necessity to employ counsel and pay attorney's fees and costs for opposing these actions and for the litigation of this action as well as other special damages including

diminished access to public retirement benefits and lost goodwill since the Defendants held positions which allow them to carry out their agenda. Further, such actions have cause emotional distress, pain and suffering.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant District for an award of actual damages in the amount of Six Hundred Thousand ($600,000) dollars, actual damages and an award of actual damages against the individual Defendants in the amount of Five Million ($5,000,000) dollars as well as an award of punitive damages in an amount to be assessed by a jury as well as an award of reasonable attorney's fees, costs and treble damages as provided by law and such injunctive relief as to the court may be just and proper.

        **CROMER BABB PORTER & HICKS, LLC**

        BY:   s/J. Paul Porter
               J. Lewis Cromer (#1470)
               J. Paul Porter (#11504)
               Shannon M. Polvi (#11978)
               1418 Laurel Street, Ste. A
               Post Office Box 11675
               Columbia, South Carolina 29211
               Phone  803-799-9530
               Fax     803-799-9533
               Attorneys for Plaintiff

March 8, 2017
Columbia, South Carolina