IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Machelle Thompson, | ) |
| | ) Case No. 3:17-cv-00510-DCC |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Richland County School District One,[1] | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Motion for Partial Judgment on the Pleadings. ECF No. 21. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 24, 27. Accordingly, the Motion is ripe for review.

Plaintiff brings this action alleging she was subjected to retaliation in violation of the Fair Labor and Standards Act, that Defendants violated her due process rights, and various state law claims. The following facts are taken from Plaintiff's Amended Complaint. Plaintiff was employed as the Director of Classified Employment Services for Defendant Richland County School District One ("the District") on May 18, 2015. ECF No. 8 at 2. In May 2016, the United States Department of Labor issued new regulations raising the salaries for exempt employees. *Id*. at 2–3. Plaintiff was assigned the task of identifying employees affected by the new regulation and employees who may have been misclassified under the duties test for exemption. *Id*. at 4. Identified employees were sent a letter by Sanita Savage Cousar, Chief of Human Resources for the District, alerting them

---

[1] Plaintiff also initially named Craig Witherspoon, Sanita Savage Cousar, and Susan Williams as defendants in this action. ECF No. 8. They were terminated from this case pursuant to a stipulation of dismissal filed May 25, 2018.

to the change in the regulation and informing them that the changes to their salary or exemption status would go into effect on December 1, 2016. *Id*. at 5.

On November 22, 2016, the United States District Court for the Eastern District of Texas enjoined enforcement of the new regulation nationwide. *Id*. Plaintiff emailed Cousar that she believed delaying implementation of the regulation could impact the District legally and financially and would result in an investigation by the Labor Department. Susan Williams, General Counsel for the District, admonished Plaintiff that her email was inappropriate; on December 16, 2016, Cousar issued a written reprimand of Plaintiff. *Id*. at 6. Plaintiff had been written up two previous times in April and August 2016.

Plaintiff disputed the reprimand and the two write ups and filed a grievance. *Id*. Craig Witherspoon, the Superintendent of the District, placed Plaintiff on administrative leave on January 8, 2017; on February 10, 2017, the District terminated Plaintiff's employment. *Id*. at 7. Plaintiff was granted a hearing before Witherspoon on February 27, 2017. *Id*. Witherspoon upheld Plaintiff's termination on March 6, 2017. *Id*.

In its Motion, Defendant argues that it is entitled to partial judgment on the pleadings with respect to Plaintiff's claim that Defendant violated her due process rights and violated South Carolina law on defamation, wrongful discharge, civil conspiracy, and the whistleblower statute.

**APPLICABLE LAW**

*12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint

has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**12(c)**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x. 527, 529 (4th Cir. 2010) (citing *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009)); *see also Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The key difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is that on a 12(c) motion, the court "consider[s] the answer as well as the complaint" and "documents incorporated by reference in the pleadings." *Fitchett v. Cty. of Horry, S.C.*, C/A No. 4:10-cv-1648-TLW-TER, 2011 WL 4435756, at *3 (D.S.C. Aug. 10, 2011) (citations omitted).

A motion for judgment on the pleadings is intended to test the legal sufficiency of the complaint and will operate to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." *Cont'l Cleaning Serv. v. UPS*, C/A No. 1:98-cv-1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (citing *Herbert Abstract v. Touchstone Props., Inc.*, 914 F.2d 74, 76 (5th Cir. 1990)). "An issue of fact is deemed to

be material if the outcome of the case might be altered by the resolution of the issue one way rather than another." *Walker v. Liberty Mut. Ins. Co.*, C/A No. 4:16-cv-01388-RBH, 2017 WL 1020884, at *1 (D.S.C. Mar. 16, 2017) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1368 (3d ed. 2011)). "Thus, the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Id*. "Accordingly, '[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false.'" *Catlin Specialty Ins. Grp. v. Lowcountry Oysters of Murrells Inlet, LLC*, C/A No. No. 2:17-cv-1528-RMG, 2018 WL 369154, at *1 (D.S.C. Jan. 11, 2018) (quoting *Lewis v. Excel Mech., LLC*, C/A No. 2:13-CV-281-PMD, 2013 WL 4585873, at *1 (D.S.C. Aug. 28, 2013)). "[W]hen the plaintiff moves for judgment on the pleadings, the motion should be granted if, 'on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.'" *Walker*, 2017 WL 1020884, at *1 (quoting *Lowden v. Cty. of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010)).

## DISCUSSION

### *Whistleblower*

Defendant argues that Plaintiff's Second Cause of Action, alleging Defendant violated South Carolina's whistleblower statute, must be dismissed because Plaintiff did not comply with the statutory prerequisites. ECF No. 21-1 at 10. Specifically, Plaintiff did

5

not allege that her grievance resulted in a decision that she would not have been disciplined but for her reporting of the alleged wrongdoing. Plaintiff contends that strict application of the statute renders an absurd result because it is improbable that the decision-makers in her case, who were also the policy-makers, would invite liability by finding that she was terminated for whistleblowing. ECF No. 24 at 18. The Court finds that Defendant is entitled to judgment on the pleadings with respect to this claim.

The Whistleblower Protection Act ("WPA") establishes a private cause of action for an employee of a public body who suffers retaliation for making a "report" of waste or "wrongdoing" by the public body or its employees to an "appropriate authority." WPA claims must be filed within one year of the alleged conduct and after exhaustion of all available grievance, administrative, or judicial remedies. S.C. Code Ann. § 8-27-30(A) and (B).

The WPA requires an employee to exhaust administrative remedies and obtain a favorable ruling on the report of alleged wrongdoing in order to bring suit. Specifically, the statute provides:

> No action may be brought under this chapter unless (1) the employee has exhausted all available grievance or other administrative remedies; and (2) any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of the alleged wrongdoing.

S.C. Code Ann. § 8-27-30(A).

In *Giraldo v. City of Columbia*, 47 F. Supp. 3d 430 (D.S.C. 2014), the Honorable Joseph F. Anderson, Jr., United States District Judge for the District of South Carolina, adopted a Report and Recommendation addressing the same argument at issue in the present action. In that case, the Magistrate Judge determined that:

> Under South Carolina law, all rules of statutory construction "are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." *State v. Sweat*, 386 S.C. 339, 688 S.E.2d 569, 575 (2010) (quoting *Broadhurst v. City of Myrtle Beach Election Comm'n*, 342 S.C. 373, 537 S.E.2d 543, 546 (2000)). The words of a statute should be given "their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand that statute's operation." *Id*. "Where [a] statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Hodges v. Rainey*, 341 S.C. 79, 533 S.E.2d 578, 581 (2000). "It is only when applying the words literally leads to a result so patently absurd that the General Assembly could not have intended it that [the court should] look beyond the statute's plain language." *Grier v. AMISUB of South Carolina, Inc.*, 397 S.C. 532, 725 S.E.2d 693, 695–96 (2012).

*Id*. at 441.

The language of § 8-27-30(A) is clear and unambiguous. Further, a literal application of the words of the statute does not lead to a result "so patently absurd that the General Assembly could not have intended it." *See also Burdine v. Greenville Tech. Coll.*, C/A No. 6:08-cv-03764-JMC, 2010 WL 5211544, *13 (D.S.C. Dec. 16, 2010); *Jones v. Richland Cty.*, C/A No. 3:16-cv-0466-MBS-KDW, 2016 WL 5402862, at *3 (D.S.C. Sept.

7

28, 2016) (declining to certify the question of the interpretation of this statute to the Supreme Court of South Carolina because the language is unambiguous and finding that "[t]o the extent Plaintiff argues that no other state in the United States 'applies such an absurd requirement,' the issue is one for the Legislature, not the court"). Accordingly, Defendant's Motion is granted with respect to Plaintiff's Second Cause of Action.[2]

*Defamation*

Defendant contends that Plaintiff failed to sufficiently plead defamation, her Third Cause of Action. ECF No. 21-1 at 11. Defendant asserts that Plaintiff's allegations fail to identify an alleged defamatory statement, do not attribute a defamatory statement to any one individual, and fail to identify a third-party to whom the statement was published. Plaintiff argues that she has pled sufficient facts to survive a motion for judgment on the pleadings. ECF No. 24 at 22–23. The Court agrees that, at this procedural posture, Plaintiff has sufficiently pled defamation.

To recover for defamation under South Carolina law, the complaining party must show: (1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm. *Fleming v. Rose*, 567 S.E.2d 857, 860 (S.C. 2002). Here, Plaintiff alleges that Cousar,

---

[2]The Court notes that Plaintiff points to *Wright v. Marlboro Cty. Sch. Dist.*, 452 S.E.2d 12 (S.C. Ct. App. 1994) in support of her position that Plaintiff should not be required to seek a factual determination on her whistleblower retaliation claim from the entity that decided not to re-employ her. ECF No. 24 at 19. As explained by Defendant in its Reply, this case discusses the doctrine of res judicata, not the requirement to exhaust administrative remedies under the WPA.

Williams, Witherspoon, "and others acting on behalf of the Defendant District have published, together and separately, to numerous persons both within and without the District that the Plaintiff is incompetent in her job and that she has engaged in unprofessional conduct some of which violates the policies and procedures of the District. Those publications have been false, malicious and knowingly made." She clarifies that the publications were made to employees and other community members without justification or privilege. Plaintiff further alleges that the statements were false, recklessly made, and constitute per se defamation because the statements accused Plaintiff of being unfit in her profession and of improper and illegal conduct. ECF No. 8 at 10. Accordingly, the Court finds that Plaintiff has stated a claim for defamation under South Carolina law sufficient to survive Defendant's Motion for Partial Judgment on the Pleadings.

***Wrongful Termination***

Defendant next argues that Plaintiff's Fourth Cause of Action for wrongful discharge in violation of public policy must be dismissed because she has an alternative remedy. ECF No. 21-1 at 14. Defendant contends that Plaintiff has a remedy under the Fair Labor Standards Act and the WPA. Plaintiff asserts that this claim is sourced on protected activity that is distinct from her other retaliation claims because she alleges that she was discharged for insisting upon compliance with the South Carolina Payment of Wages Act. ECF No. 24 at 25. Moreover, even if the Court were to find that this claim overlaps with Plaintiff's other claims, Plaintiff contends that, at this time, she is entitled to plead public

policy discharge as an alternative to her other claims. The Court finds that this claim should be dismissed.

Although South Carolina recognizes the presumption of at-will employment, the public policy exception to the at-will doctrine provides an employee with a cause of action if his termination violates public policy. *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213, 216 (S.C. 1985). The Supreme Court of South Carolina has held that the public policy exception is applicable to "situations where the employer asks the employee to violate the law or the reason for the termination itself is a violation of criminal law," but also applies whenever "there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy." *Barron v. Labor Finders of S.C.*, 713 S.E.2d 634, 637, 638 (S.C. 2011). The determination of what constitutes public policy is a question of law for the courts to decide. *Id*. at 638.

The public policy exception does not extend to situations where the employee has an existing statutory remedy for wrongful termination. *See Barron*, 713 S.E.2d at 637; *see also Epps v. Clarendon Cty.*, 405 S.E.2d 386, 426 (S.C. 1991) (declining to extend *Ludwick* exception); *Stiles v. Am. Gen. Life Ins. Co.*, 516 S.E.2d 449, 452 (S.C. 1999) (Toal. J., concurring) (stating that "the *Ludwick* exception is not designed to overlap an employee's statutory . . . rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists").

Here, Plaintiff has an alternative remedy, which she is pursuing, in the Fair Labor Standards Act. Plaintiff's argument that her public policy discharge claim does not overlap

with her other retaliation claims does not alter the fact that she has another statutory remedy available for the allegedly wrongful discharge. *See Billioni v. Bryant*, C/A No. 0:14-cv-03060-JMC, 2015 WL 4928999, at *9 (D.S.C. Aug. 18, 2015) ("Limited remedies and procedural hurdles to recovery do not modify the conclusion that where statutory remedies are available, *Ludwick* claims are precluded."); *Newman v. S.C. Dep't of Emp't and Workforce*, C/A No. 3:10-cv-942-CMC, 2010 WL 4666360, at *4 (D.S.C. Apr.16, 2010) (rejecting plaintiff's argument that the Employee Grievance Act and the WPA, which were asserted as alternative statutory remedies, should not be dismissed because these remedies were limited).

With respect to Plaintiff's argument that she should be permitted to bring her claim for wrongful discharge in violation of public policy in the alternative to her other claims, this Court has already addressed whether Rule 8(a)(2) permits a plaintiff to plead her claims in the alternative under these circumstances and found that "to accept Plaintiff's argument that she can plead her claims in the alternative would essentially nullify decisions such as *Bolin* which hold that 'no common law public policy wrongful termination claim **can be stated** where the employee has an existing statutory remedy.'" *Frazier v. Target Corp.*, C/A No. 2:09-cv-1625-PMD, 2009 WL 3459221, at *3 (D.S.C. Oct. 27, 2009) (emphasis in original) (quoting *Bolin v. Ross Stores, Inc.*, No. 08-cv-2759-MJP, 2009 WL 363990 (D.S.C. Feb.11, 2009)); *see also Lawson v. Gault*, C/A No. 7:13-cv-1050-TMC, 2013 WL 2010224, at *1 (D.S.C. May 13, 2013).

*Due Process*

Defendant asserts that Plaintiff's Sixth Cause of Action for violations of her substantive and procedural due process rights by Witherspoon[3] and the District fails because (1) Plaintiff fails to sufficiently allege that she has a property interest in her continued employment because she does not plead that she was anything other than an at-will employee and (2) Plaintiff does not plead that Witherspoon infringed on any constitutionally protected liberty interest in terminating Plaintiff's employment. ECF No. 21-1 at 3–8. Defendant further asserts that Plaintiff's due process claim against the District must be dismissed because Plaintiff fails to plead that Witherspoon undertook the alleged wrongful acts pursuant to an official custom or policy. *Id*. at 8–9.

Plaintiff contends that she properly alleged a violation of her due process rights under § 1983. ECF No. 24 at 9. Plaintiff maintains that she pled that she was not given a pre-termination hearing; that she was not provided with reasonable post-termination protections; and that the District and Witherspoon manipulated the District's official policy by failing to provide her with the basis of the allegations against her, preventing her from confronting her accusers, pre-judging her grievances, and failing to provide her with unbiased fact-finders. *Id*. The Court finds that Defendant's Motion should be granted with respect to this claim.

---

[3]As noted above, Witherspoon has been dismissed from this action. Accordingly, to the extent Defendant argues that this claim should be dismissed against Witherspoon, that argument is moot.

Due process includes both procedural and substantive components. In order to establish a violation of procedural due process, a plaintiff must show that: (1) "he had a constitutionally cognizable life, liberty, or property interest"; (2) "the deprivation of that interest was caused by 'some form of state action'"; and (3) "'the procedures employed were constitutionally inadequate.'" *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (internal and external citations omitted). Procedural due process requires, at a minimum, fair notice and an opportunity to be heard. *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976).

To establish a violation of substantive due process, a claimant must demonstrate: "(1) that it had a property interest; (2) that the state deprived [it] of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." *Tri Cty. Paving, Inc. v. Ashe Cty.*, 281 F.3d 430, 440 (4th Cir. 2002) (internal citations and quotation marks omitted) (alterations in original). Substantive due process protections "run only to state action so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Id*. (citing *Rucker v. Harford Cty.*, 946 F.2d 278, 281 (4th. Cir.1991)).

Here, Plaintiff has attempted to assert that Witherspoon and the District deprived her of a protected property interest in her employment. ECF No. 24 at 11. "A property interest exists when one has a legitimate claim of entitlement to a right arising from such

13

sources as state statutes, local ordinances, and employment contracts." *Bunting v. City of Columbia*, 639 F.2d 1090, 1093 (4th Cir. 1981); *see also Turner v. Richmond Pub. Schs.*, C/A No. 3:16cv256, 2017 WL 1179162, at *6 (E.D. Va. Mar. 28, 2017) ("A property interest protected by procedural due process must be 'a legitimate claim of entitlement' created not by federal law, but by 'existing rules or understandings that stem from an independent source such as state law.'") (citation omitted). When a state deprives an employee of a protected property interest in continued employment, the Due Process Clause requires that the state provide the employee with "oral or written notice of the charges against him, and an opportunity to present his side of the story" before termination. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).

Here, Plaintiff does not contest that she was an at-will employee.[4] *See Pittman v. Wilson Cty.*, 839 F.2d 225, 229 (4th Cir. 1988) (holding that an at-will employee does not have a property interest in his position of employment). Further, Plaintiff fails to identify any employment policy or mutually explicit understanding that would support a claim of entitlement to her employment as Director of Classified Employment Services. As such,

---

[4] In her Response in Opposition, Plaintiff argues that she was more than an ordinary at-will employee because she had access to a grievance procedure. ECF No. 24 at 12. However, "such grievance rights do not establish a property interest in employment." *See Newton v. S.C. Dep't of Pub. Safety*, C.A. No. 6:10-cv-01781-JMC, 2011 WL 4435761, at *3 n.1 (D.S.C. Sept. 23, 2011) (citing *Bunting,* 639 F.2d at 1093–95).

she is unable to assert any property interest in her continued employment with the District sufficient to state a claim for a violation of her due process rights.[5]

Moreover, with respect to Plaintiff's claim that her due process rights have been violated by injury to her reputation, the Court finds that Plaintiff has failed to plead sufficient facts to state a claim. "Injury to reputation, standing alone, is not enough to demonstrate deprivation of a liberty interest." *Fleming v. Rose*, 526 S.E.2d 732, 741 (S.C. Ct. App. 2000) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). "Yet, injury to reputation does deprive a person of a liberty interest when the injury is combined with the impairment of 'some more tangible' government benefit." *Id*. (citing *Paul*, 424 U.S. at 701). "It is enough, for example, if the plaintiff shows the reputational injury causes the 'loss of government employment.'" *Id*. (citing *Paul*, 424 U.S. at 706). "To state this type of liberty interest claim under the Due Process Clause, a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false." *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646 (4th Cir. 2007) (citing *Stone*, 855 F.2d at 172 n.5). "In cases where a liberty interest arising from reputational damage is implicated, [a hearing is required] to allow the aggrieved party to clear his name." *Buxton v. City of Plant City, Fla*., 871 F.2d 1037, 1046 (11th Cir.1989).

---

[5]Accordingly, Plaintiff was not entitled to a pre-termination hearing. *See Loudermill*, *supra*.

Upon review, the Court finds that Plaintiff has failed to plead each of the required elements under *Sciolino*. Specifically, the court observes that Plaintiff's allegations do not establish that any facts contained in the termination memo were false. As a result of the foregoing, the Court finds that Plaintiff has failed to state a claim for a violation of her protected liberty interest in her reputation. Accordingly, the Motion is granted as to this claim.

Finally, Plaintiff has failed to state a claim against the District as a supervisor. The doctrines of vicarious liability and respondeat superior are generally not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"). However, a governmental entity may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy inflicts the [alleged] injury." *Monell*, 436 U.S. at 694. The Fourth Circuit Court of Appeals has held that,

> [a] policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as failure to properly train officers that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). In her Response in Opposition, Plaintiff contends that her allegations are sufficient to allege the District violated the second and potentially the fourth factors set forth in *Lytle*. However, as Defendant points out in its Reply, Plaintiff has alleged that Witherspoon acted on behalf of the District in her termination. Witherspoon is not the person with final policymaking authority. *See* S.C. Code Ann. § 59-19-10 ("Each school district shall be under the management and control of the board of trustees, subject to the supervision and orders of the county board of education"); S.C. Code Ann. § 59-19-110 ("The boards of trustees of the several school districts may prescribe such rules and regulations not inconsistent with the statute law of this State as they may deem necessary or advisable to the proper disposition of matters brought before them."). Further, Plaintiff fails to set forth any facts in support of her argument that any such practice was "'so persistent and widespread' as to constitute a 'custom or usage with the force of law.'" Accordingly, Defendant's Motion should be granted with respect to this claim.[6]

---

[6]In the Amended Complaint, Plaintiff alleged that Cousar, Williams, and Witherspoon engaged in a civil conspiracy to thwart Plaintiff in her job as Director of Classified Employment Services. ECF No. 8 at 14. Defendant moved for dismissal of this cause of action. ECF No. 21-1 at 16. Because the Cousar, Williams, and Witherspoon have been dismissed from this case, this argument is moot.

## CONCLUSION

Wherefore, based upon the foregoing, Defendant's Motion for Partial Judgment on the Pleadings [21] is **GRANTED in part**, **DENIED in part**, and **FOUND as MOOT in part** as set forth above. Plaintiff is given 14 days to amend her pleadings with respect to her Sixth Cause of Action. As a result of the filing of this Order, Defendant's Motion to Stay [36] is **FOUND as MOOT**.

**IT IS SO ORDERED**.

June 5, 2018  s/Donald C. Coggins, Jr.
Spartanburg, South Carolina  United States District Judge